[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————————

No. 11-11878
Non-Argument Calendar

———————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 27, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-00436-JOF-CCH-1

UNITED STATES OF AMERICA,

Plaintiff –Appellee,

versus

PAULO MARTINEZ-RUBI,

Defendant –Appellant.

———————————————

Appeal from the United States District Court
for the Northern District of Georgia

———————————————

(October 27, 2011)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Paulo Martinez-Rubi pleaded guilty to illegally reentering the United States

after having been convicted of an aggravated felony, in violation of 8 U.S.C.

§ 1326. Martinez was sentenced to 96 months' imprisonment, which was at the high end of his guidelines range. Martinez now appeals and argues that his sentence is substantively unreasonable. We conclude that Martinez's sentence is substantively reasonable and therefore we affirm.

I.

Martinez is a citizen of Mexico who first entered the United States in 1997 to escape retribution from a gang to which he once belonged. By 2001 Martinez had been convicted of forgery in Georgia. After his release, he was convicted of possession of marijuana and drug paraphernalia in Florida. Then Martinez returned to Georgia, where he was convicted for aggravated assault. After his last conviction, Martinez was deported to Mexico. But only five days after he was deported, Martinez was arrested by the Border Patrol crossing into the United States near Laredo, Texas. He then pleaded guilty to improperly entering the United States in violation of 8 U.S.C. § 1325(a) and was once more deported. But Martinez again returned to United States illegally and made his way to Florida, where he was still on probation for marijuana possession. Once there, he violated the terms of his probation and was imprisoned. After that imprisonment, he was deported for the third time. Martinez, however, returned to Florida, where he was twice convicted of burglary. Martinez was deported again. And after that

deportation, Martinez returned to Florida, where he was again convicted of burglary and deported for a sixth time.

After his last deportation, Martinez returned once more to the United States and shortly thereafter he was arrested for stealing a bicycle in Dekalb County, Georgia. Martinez was then charged with illegal reentry, to which he pleaded guilty. Martinez's presentence investigation report (PSR) set his offense level at 21. His criminal history score was VI. That combination resulted in a guidelines range of 77 to 96 months' imprisonment. At his sentencing hearing, Martinez argued for a substantial downward variance based on his upbringing, his heroin addiction, and his HIV positive status. Martinez also argued that his criminal history was a result of his addiction. The government asked for a sentence at the top of the guidelines range, which the district court imposed. In imposing the sentence of 96 months, the district court noted the seriousness of Martinez's criminal history, in particular his numerous burglary convictions, as well his repeated illegal reentry to the United States. The court also noted the physiological nature of heroin addiction and recommended that Martinez be imprisoned at a facility with a drug rehabilitation program. Martinez now appeals his sentence, which he argues is substantively unreasonable.

II.

We review a sentence for substantive reasonableness under an abuse of discretion standard. *United States v. Wetherald*, 636 F.3d 1315, 1320 (11th Cir. 2011). We will only vacate a sentence as substantively unreasonable if we are definitely and firmly convinced that the sentence is outside the reasonable ranges of sentences for a given case. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). Although we do not presume that a sentence that is within the properly calculated guidelines range is reasonable, we ordinarily expect that is the case. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). But even if a sentence is within the guidelines, it must still, considering the totality of the circumstances, achieve the purposes of 18 U.S.C. § 3553(a).[1] *Gall v. United States*, 552 U.S. 38, 51 (2007);. *Pugh*, 515 F.3d at 1191 . The party challenging a sentence bears the burden of establishing its unreasonableness. *Pugh*, 515 F.3d at 1189.

---

[1] The purposes of § 3553(a) are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

18 U.S.C. § 3553(a).

Martinez argues that his sentence is substantively unreasonable because it does not account for the fact that his heroin addiction caused most of his criminal behavior and as a result is greater than necessary. But the defendant's personal history is only one of among many factors that the district court has to consider in imposing sentence. Here it is clear that the district court acknowledged Martinez's addiction and its physiological nature. To that end, the district court recommended that Martinez serve his sentence somewhere he could receive drug-rehabilitation treatment. But the district court also considered the severity of the crimes Martinez had committed and the need to protect the public. Additionally, the district court noted Martinez's serial recidivism in illegally reentering the country, which indicated that he had little respect for the law and required a sentence that would be an effective deterrent. Although Martinez's personal history is unfortunate, given the various factors considered by the district court, especially the need to protect the public and Martinez's repeated illegal reentries, we cannot say that we are left with a definite and firm conviction that Martinez's sentence is outside the range of reasonable sentences in his case.

Also among the factors we look at to determine whether a sentence is substantively reasonable is where the sentence stands in relation to the statutory maximum for a given offense. *United States v. Gonzalez*, 550 F.3d 1319, 1324

(11th Cir. 2008) (concluding that 50-month sentence for illegal reentry was substantively reasonable given the difference between the sentence and the statutory maximum of 10 years).  Here Martinez's sentence was 12 years below the statutory maximum sentence of 20 years' imprisonment he could have received.

Accordingly, we conclude that Martinez's within-guidelines sentence is substantively reasonable.

**AFFIRMED.**